UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
JUL 24  3 38 PM '03

CAPTAIN THOMAS WALKER
Plaintiff

v.

STATE OF CONNECTICUT
DEPARTMENT OF TRANSPORTATION,
COMMISSIONER JAMES F. BYRNES

CIVIL ACTION NO.

303CV01253 SRU

JULY 24, 2003

## PRELIMINARY ALLEGATIONS

1. A declaratory judgment and injunctive relief are sought upon the grounds that application of the Emergency Regulations of the State of the DOT, dated June 5, 2003 incorporating Exhibit A., a Public Notice issued by the Board of Commissioners of Pilots of the State of New York, (a) intrudes into an area preempted by federal statute and regulation, in conjunction with the Commerce Clause of the Constitution, in violation of the Supremacy Clause of the Constitution of the United States; (b) denies rights to substantive and procedural due process guaranteed Plaintiff by the Fourteenth Amendment to the Constitution; and (c) is violative of federal and state prohibitions concerning monopolies, (d) is inconsistent with the terms and conditions of the Memorandum of Agreement issued by the DOT, attached hereto as Exhibit B.

2. Jurisdiction of this Court is founded upon: (a) 28 U.S.C. § 1331 in that this is a civil action arising under the laws and Constitution of the United States; (b) 28 U.S.C. § 1337 in that this is a civil action arising under Acts of Congress regulating commerce or protecting trade and commerce against restraints and monopolies; and (c) 28 U.S.C. § 1333(1) in that this is a civil action within the admiralty and maritime jurisdiction of the Court.

1

3. Venue properly lies in this district pursuant to 28 U.S.C. §§ 1391(a), 1391(b) or under judicial decisions governing venue in actions within the admiralty and maritime jurisdiction, or both.

4. Plaintiff at all material times was and is the holder of a federal pilot's license issued by the United States Coast Guard pursuant to 46 U.S.C. § 7101, and is the holder of a Connecticut State Marine pilot's license issued by the State of Connecticut.

5. Plaintiff is licensed by the State of Connecticut to pilot foreign flag ships and foreign vessels under registry to and from Connecticut ports on Long Island Sound.

6. Plaintiff's livelihood depends upon the continued validity of his Connecticut State Marine pilot's license.

7. James F. Byrnes, Jr., is Commissioner of the Department of Transportation of the State of Connecticut.

### FIRST CLAIM FOR RELIEF
### (Federal Preemption Per 46 USC 8501)

8. Plaintiff realleges and incorporates by reference, as though fully set forth, paragraphs 1 through 7 of this Complaint.

9. 46 USC 8501, "The Boundary Waters Act", establishes the boundaries of Long Island Sound, and states:

> The master of a vessel entering or leaving a port on waters that are a boundary between two states, and that is required to have a pilot under this section, may employ a pilot licensed or authorized by the laws of either of the 2 states.

10. The actions of the DOT in adopting the provisions of the Public Notice Issued by the Board of Commissioners of Pilots of the State of New York, dated April 8, 2003 violates 46 U.S.C. 8501 in that it requires a pilot licensed by the State of New York to

2

transit the waters of Block Island Sound which are international waters.

11. The DOT approved and adopted the dissemination of letters and a Notice dated April 8, 2003, written by the Board of Commissioners of Pilots of the State of New York, to customers and agents who employ the services of the Plaintiff, advising said customers and agents that:

> A New York State pilot is required for all foreign flagged vessels and all U.S. flagged vessels operating under registry, while entering, transiting or departing the waters of Block Island Sound, including the navigable access and approach waters designated by the Board of Commissioners of Pilots as pilot stations for the purpose of pilot embarkation and disembarkation at pilot stations Point Judith and Montauk.

12. The Notice dated April 8, 2003 further threatened fines and penalties for violating its terms.

13. The result of the dissemination of said Notice was to deprive the Plaintiff of any further business and render his Connecticut State Marine Pilot license useless due to the intimidation and threats contained in said Notice.

14. The Plaintiff met with officials of the DOT, informing them that the provisions of the Notice were violative of 46 U.S.C. 8501.

15. The Plaintiff further informed the DOT that his business and livelihood was worthless unless the DOT issued a letter retracting the Notice.

16. In spite of repeated demands and requests by the Plaintiff to the DOT, it refused to retract or otherwise ameliorate the effects of the dissemination of the Notice.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment Regarding Commerce Clause Violation)

17. Plaintiff realleges and incorporates by reference, as though fully set forth, paragraphs 1 through 16 of this Complaint.

18. The DOT is attempting to compel the Plaintiff to conform to requirements set forth by the Board of Commissioners of Pilots of the State of New York, including but not limited to participation in a rotation with other pilots holding New York State marine pilot licenses.

19. If the Plaintiff agrees to abide by such illegal requirements, the DOT and the Board of Commissioners of Pilots of the State of New York will grant the Plaintiff a "limited" New York license to transit the waters of Block Island Sound.

20. Such actions by the DOT constitute a violation of the Commerce Clause of the Constitution of the United States in that the DOT is attempting to restrict and/or restrain commerce.

### THIRD CLAIM FOR RELIEF
### (Preliminary and Permanent Injunction)

21. The Plaintiff realleges and incorporates by reference, as though fully set forth, paragraphs 1 through 20 of this Complaint.

22. The DOT's establishment of a pilot rotation contravenes the Sherman Act (15 U.S.C.A. § 1).

23. Pursuant to and in furtherance of the mentioned monopolization and attempt to monopolize, the DOT has pursued policy that has prevented the Plaintiff and other Connecticut State Marine licensed pilots from having an adequate opportunity to effectively compete for business in the waters of Connecticut and Long Island Sound, and has done, among other acts, the following:

   a. discriminated in favor of the pilots and pilot associations, including but not limited to Block Island Sound Pilots Association, who have agreed to participate in the rotation without regard to the competency and/or safety

   records of said and pilots and pilot associations who have agreed to participate in the rotation;
b. limited the development and scope of activities of those pilots refusing to join the rotation the result of which is impair the ability of said dissenting pilots to effectively compete for business in the waters of Connecticut and Long Island Sound ;
c. monopolized and attempted to monopolize interstate trade and commerce by establishing requirements for licenses over portions of Block Island Sound which are in international waters;
d. neither established policies and procedures for a pilot rotation, but rather has left the establishment and implementation of the rotation to the pilots and pilot associations, including but not limited to Block Island Sound Pilots Association who have agreed to participate in the rotation;
e. neither reviewed, monitored nor engaged in any pointed examination of the polices and procedures for the implementation of the pilot rotation as developed by the pilots and pilot associations, including but not limited to Block Island Sound Pilots Association who have agreed to participate in the rotation.

24. The Plaintiff has been and is being irreparably harmed and injured by the above described actions of the DOT in that the above described actions have deprived him of his livelihood.

25. The Plaintiff has no adequate remedy at law.

WHEREFORE, the Plaintiff demands:

1. That this Court declare provisions of the April 8, 2003 Notice are preempted by federal law as an impermissible burden upon interstate commerce under the Commerce Clause and federal statutes enacted hereunder; and a violation of Plaintiff's rights to substantive and procedural due process under the Fourteenth Amendment;

2. That a preliminary and permanent injunction issue, enjoining Defendant, their successors, agents, servants, employees, attorneys and all persons acting in concert with them from taking any action to enforce the April 8, 2003 Notice, or in any other manner continuing and/or attempting to intimidate ship agents and

5

vessel owners from utilizing the services of the Plaintiff, and/or to coerce pilots licensed by the State of Connecticut into complying with requirements imposed by the Board of Commissioners of Pilots of the State of New York.

3. That a preliminary and permanent injunction issue, enjoining Defendant, their successors, agents, servants, employees, attorneys and all persons acting in concert with them from taking any action to establish a pilot rotation.

4. That Plaintiff be awarded attorney fees and costs; and

5. Treble damages; and

6. That Plaintiff have such other and further relief as the Court may deem just and proper.

THE PLAINTIFF
CAPTAIN THOMAS WALKER

By _____
K. Wynne Bohonnon, Esq.
Bohonnon Law Firm, LLC
205 Church Street
New Haven, CT 06510
(203) 787-2151
Fed. Bar No. 05808

6

EXHIBIT A



**BOARD OF COMMISSIONERS OF PILOTS**
OF THE STATE OF NEW YORK

17 BATTERY PLACE

NEW YORK, NY 10004-1207

TEL 212-425-2027
FAX: 212-344-3144

## PUBLIC NOTICE
## TO
## ALL NEW YORK STATE LONG ISLAND SOUND-BLOCK ISLAND SOUND
## LICENSED PILOTS
## AND
## MARITIME USERS OF THE STATE PILOTAGE SYSTEM AND VESSELS
## TRANSITING THE NEW YORK WATERS AND DESIGNATED APPROACHES

**PLEASE BE ADVISED THAT NEW YORK STATE REQUIRES:**
A New York State licensed pilot is required for all foreign flagged vessels and all U.S. flagged vessels operating under registry while entering, transiting or departing the New York waters of Block Island Sound, including the navigable access and approach waters designated by the Board of Commissioners of Pilots as pilot stations for the purpose of pilot embarkation and disembarkation at pilot stations Point Judith and Montauk, and;

**PLEASE BE FURTHER ADVISED THAT NEW YORK STATE LAW REQUIRES:**
A New York State licensed pilot for all foreign flagged vessels and all U.S. flagged vessels operating under registry while navigating the New York waters of the western Long Island Sound west of the Byram River-Oak Neck Point boundary line.

**PENALTIES FOR UNLAWFUL PILOTAGE INCLUDE:**

a. The full New York State pilotage fee applicable to the vessel in violation, including applicable surcharge(s).

b. A misdemeanor violation consisting of a fine not exceeding one hundred dollars for each violation or by imprisonment not exceeding sixty days for any pilot, owner, operator and/or agent in violation

c. Authority: New York State Navigation Law, Section 88-b and New York Code of Rules and Regulations.

**THE NEW YORK STATE LAW WILL BE STRICTLY ENFORCED FOR PURPOSES OF NAVIGATIONAL SAFETY, ENVIRONMENTAL PROTECTION AND HOMELAND SECURITY. PLEASE BE GUIDED ACCORDINGLY.**

The Board of Commissioner of Pilots of the State of New York
8 April 2003




## BOARD OF COMMISSIONERS OF PILOTS
### OF THE STATE OF NEW YORK
17 BATTERY PLACE

NEW YORK, NY 10004-1207

TEL 212-425-5017
FAX 212-344-3144

### REQUIREMENTS FOR LICENSURE, LIMITED NEW YORK STATE PILOT LICENSE APPLICABLE TO:
### THE NEW YORK WATERS OF BLOCK ISLAND SOUND, AND THE NEW YORK WATERS OF WESTERN LONG ISLAND SOUND
(From the Byram River-Oak Neck Point State Boundary Line to A Line Drawn between City Island and Stepping Stones Light)

### Reference and Authority:
The New York State Navigation Law and New York Code of Regulations,
and
The Memorandum of Agreement signed by the Board of Commissioners with the Connecticut Department of Transportation on 27 January 2000

A Limited New York State pilot license shall be issued by the Board of Commissioners of Pilots of the State of New York ("Board") for the waters described above to any pilot licensed by the State of Connecticut who applies to the Board for a license who:

1. Holds a current 2003 valid unrestricted USCG first class pilot endorsement and a Connecticut State pilot license for the waters described above.

2. Provides an annual physical examination report (USCG form acceptable) with fit or competent for duty endorsement by a medical doctor within one year of 1 May 2003, with eye examination (provided by the Board at no cost to the pilot);

3. Is a participant in a Board approved random and post-accident alcohol/substance testing program;

4. The minimum recency requirement for the issuance of a limited license for the waters described above is twelve passages, six of which shall have been between the hours of sunset and sunrise, within the past twelve months;

5. a. Submits evidence of recency piloting ships on the New York waters of Block Island Sound to the satisfaction of the Board.

    b. Submits evidence of recency piloting ships on the New York waters of the Western Long Island Sound to the satisfaction of the Board. The Board may assist in making arrangements for training and recency passages prior to the issuance of any limited license.

      c. Signs a drivers license certification and background check authorization form.

6. Is a member in good standing of Block Island Pilots, the State pilot rotation administrator appointed by the Board of Commissioners for the New York waters of Block Island Sound/Long Island Sound;

7. Satisfactorily completes a training seminar with a curriculum established by the Board (at no cost to the pilot), to include but not be limited to: New York State Navigation Law, New York State Code of Rules and Regulations, Policies and Procedures of the Board of Commissioners (including Master-Pilot Exchange and bridge resource management requirements), the CT/NY Memorandum of Agreement, Inter-Agency Relationships with the United States Coast Guard, Responsibilities under the Memorandum of Understanding signed by the USCG and the American Pilots Association concerning homeland security, professional standards and accountability; other navigational and environmental safety topics as specified by the Board. (Seminar dates: 23 April 2003 at 1200 in New York City; and 29 April 2003 at 1800 in Newport);

8. Administration of the Constitutional Oath of Office, Issuance of Original Limited New York State pilot License, photo i.d. and badge.

By:
Board of Commissioners of Pilots Of the State of New York
8 April 2003

Apr 16 03 12:24p                        8        88006                p.7
APR-11-2003  15:40      LOGISTEC NH                                    P.06



# BOARD OF COMMISSIONERS OF PILOTS
## OF THE STATE OF NEW YORK

17 BATTERY PLACE

NEW YORK, NY 10004-1207

TEL 212-425-3074
FAX 212-344-3144

8 April 2003

VIA TELEFAX AND MAIL
860-594-3008
++++++++++++++++++++

The Honorable James F. Byrnes, Jr., Commissioner
Connecticut Department of Transportation
POB 317546, 2800 Berlin Turnpike
Newington, CT. 06131-7546

Dear Commissioner Byrnes,

We thank you for the opportunity to meet with you and members of your staff on 27 March 2003 in Newington to discuss the CT/NY Memorandum of Agreement, which establishes a CT/NY State pilot rotation system.

During the meeting, our counsel asked if the Connecticut Department of Transportation could provide a firm date on which Connecticut would be in a position to establish enabling regulations for the Memorandum of Agreement, which was signed by Connecticut on 23 December 1999. We were not given a specific answer. We explained our serious concerns with respect to the New York waters of Block Island Sound. The Board has received at least six written notices of violations of the New York State Navigation Law reportedly committed by Connecticut State licensed pilots within the past year, and that such violations were apparently known to the Connecticut Aviation and Ports Department.

We also mentioned that the CT/NY Memorandum of Agreement, which was duly authorized by the respective State legislatures, and was signed without condition by both of the States more than three years ago. Accordingly, we have no other choice but to take appropriate action with respect to unlawful pilotage in the New York waters of Block Island Sound as Connecticut awaits its regulations.

The Board has established a date of not later than 1 May 2003 for all parties to be in full compliance with the New York Navigation Law in the New York waters of Block Island Sound as per the attached public notice. On or after that date, the Board intends to issue a limited New York State pilot license to Connecticut pilots in the interest of maritime safety, protection of the environment and port and homeland security. In addition, the Board reserves the right to institute enforcement action, which may include the levy of fines against the ship, and its owners or agents, and take appropriate action against individual pilots. Vessels may be subject to detention. The United States Coast Guard Captain of the Port, Long Island Sound, has expressed concern with the issue and with vessels which fail to comply with the Navigation Laws.

Please let us know if you have any questions with respect to this matter. We trust you understand the exigency of the circumstances which require us to take this action while Connecticut awaits implementation of regulations in connection with the CT/NY Memorandum of Agreement.

Very truly yours,

Robert H. Pouch,
Executive Director

Encl./..

Distribution:
CONNECTICUT DEPARTMENT OF TRANSPORTATION
CONNECTICUT STATE PILOT COMMISSION
BLOCK ISLAND PILOTS ASSOCIATION
CAPTAIN, JOSEPH COCCIA, US COAST GUARD, CAPTAIN OF THE PORT, LONG ISLAND SOUND
JUSTIN DRISCOLL, ESQ., COUNSEL

Apr 16 03 12:24p
APR-11-2003 15:40  LOGISTEC NH  ngspilot.comm
Case 3:03-cv-01253-SRU   Document 1   Filed 07/24/03   Page 12 of 16
p.6
P.05
p.6

8 April 2003

LIST OF PILOTS CURRENTLY LICENSED AND/OR CURRENTLY ELIGIBLE TO BE LICENSED BY THE STATE OF NEW YORK TO PILOT IN THE NEW YORK WATERS OF BLOCK ISLAND SOUND, UNDER THE BLOCK ISLAND PILOT ASSOCIATON PILOT ROTATION SYSTEM:

PILOTS:
BALL
BRACY
CASHIN
EULITT
HADLEY
MACO
MC VAY
MAHLMAN
MASSEY
MCINERNEY
MULLIGAN
PALMER
ROOSE
SANFORD
WARNER
WEISS

NEW YORK STATE AUTHORIZED PILOT DISPATCHER FOR THE NEW YORK WATERS OF BLOCK ISLAND SOUND AND PILOT STATIONS DESIGNATED AS POINT OF EMBARCATION/DISMBARCATION AT POINT JUDITH AND MONTAUK:
BLOCK ISLAND PILOTS
   Tel: 877-276-5828 (Toll Free)
   Tel: 401-847-9050
   Fax: 401-847-9052
   VHF: Channel 16 and 13 (Contact)
   Channel 0 or 11 (Working Traffic)
   Channel 3 (Alternate Contact/Working Traffic Channel, Ship to Ship)
   Call Sign: Block Island Pilots: KJZ 631   Approximate Range: 100 miles

LIST OF PILOTS NOT CURRENTLY ELIGIBLE TO BE LICENSED TO PILOT IN THE NEW YORK STATE WATERS OF BLOCK ISLAND SOUND:
GAUGHRAN (Not licensed in New York)
JONAS (Not licensed in New York)
WALKER (Not licensed in New York)
BLAIR (Not licensed in New York or Connecticut)

12/21/99  11:35  ☎360 443 3856         AVIA. PORTS                              ⌀002

EXHIBIT B

# MEMORANDUM OF AGREEMENT

This Agreement, made by and between the Board of Commissioners of Pilots of the State of New York, acting pursuant to Article 6, Sec. 89 b of the Navigation Law and the Commissioner of Transportation for the State of Connecticut, acting pursuant to C.G.S. Sec. 15-15d.

WHEREAS, the Board of Commissioners of Pilots of the State of New York ("the Board") is authorized by the laws and regulations of the State of New York to license and regulate New York State pilots for certain vessels in the navigable waters of the State of New York; and

WHEREAS, the Commissioner of Transportation for the State of Connecticut ("the Commissioner") is authorized by the laws and regulations of the State of Connecticut, including C.G.S. Sec 15-13, to oversee the licensing and regulation of pilots for certain vessels in the navigable waters of the State of Connecticut; and

WHEREAS, the Connecticut Pilot Commission ("Pilot Commission") is empowered pursuant to C.G.S. Sec. 15-13c to advise the Commissioner on matters relating to the licensing of pilots and the safe navigation of vessels in the waters of Connecticut; and

WHEREAS, it is the objective of the Board, the Commissioner and the Connecticut Pilot Commission that an equitable system be implemented that would allocate pilotage assignments between qualified, licensed New York pilots and qualified, licensed Connecticut pilots, pursuant to a rotation system.

1

12/21/99   11:38   ☎860 443 3856            AVIA. PORTS                        ☒003

WHEREAS, it is the objective of the Board, the Commissioner and the Connecticut Pilot Commission to ensure public safety, protection of property and protection of the environment.

NOW THEREFORE, IT IS AGREED THAT:

1. The Board of Commissioners of Pilots of the State of New York and the Commissioner of the Connecticut Department of Transportation hereby agree to the establishment of a joint rotation system for the assignment of pilots to pilot vessels in the navigable waters of Long Island Sound-Block Island Sound, including all boundary waters and the waters of both States of Long Island Sound and Block Island Sound and all ports and the terminals thereon, and ports on waters tributary thereto east of the City Island-Stepping Stones Light line (hereafter "the Waters of this Agreement" or "the Waters").

2. There shall be one joint administrator, mutually agreed to, whose governing documents shall be approved by the Board and the Commissioner, and which shall serve as agreed by the Board and the Commissioner.

3. For reasons that a fair and equitable joint rotation system will help facilitate and expedite the commerce of the Long Island Sound ports and make it safer by reason of the better organization of the pilot system, and recognizing the need to maintain reliable and stable pilot operations, neither the Board nor the Commissioner will issue or endorse a license to any pilot not participating in the rotation system described herein.

4. Pilots presently licensed by the Commissioner who pilot vessels exclusively in Connecticut harbors will continue to

provide this service in Connecticut harbors only until they no longer hold a valid license.

5. Each pilot working under the authority of his State license within the Waters of this Agreement shall comply with the rates of pilotage established pursuant to the laws and regulations of their respective State. Competition by pilots to secure an economic advantage with respect to said rates is expressly prohibited by this Agreement.

6. Pilot licenses issued by the Commissioner will be endorsed to allow qualified pilots on the Connecticut side of the rotation under this Agreement to pilot vessels within the Waters. Pilot licenses issued by the Board will be endorsed to allow qualified pilots on the New York side of the rotation under this Agreement to pilot vessels within the Waters. Both States agree that all pilots under this Agreement will be tested or otherwise demonstrate that they are competent to pilot vessels in the Waters before endorsing the licenses of such pilots. However, nothing herein may be construed as a warranty by either State to any third party concerning the competency, skills or ability of said pilots.

7. Each State will recognize the endorsements of the other State with respect to the Waters within their respective jurisdiction.

8. With respect to the Waters, any pilot who holds a license from both the State of Connecticut and the State of New York shall be allowed to maintain both licenses, but such pilot shall at the commencement of this agreement elect to work in the rotation under only one of his/her licenses. This pilot shall be subject to all of the pilotage rules and regulations of the state under which authority that pilot

3

has elected to work. If the state institutes an investigation of the pilot which causes the pilot's work privileges to be suspended, or revoked for any reason, then the pilot cannot work during the period of the investigation and suspension under his/her other state license. After the commencement date of this agreement, no pilot shall be issued an original license from more than one state under this agreement.

9. Each State shall retain jurisdiction, exercise authority and maintain procedures to investigate, report findings, discipline, sanction or take other remedial action against pilots licensed by the State with respect to the Waters.

9. All of the terms of this Agreement are subject to the laws of the States of Connecticut and of New York.



Board of Commissioners of Pilots of the State of New York

By: _____
Robert H. Pouch
Its: Director/Secretary
JAN 2 7 2000

Commissioner of Transportation of the State of Connecticut

By: _____
Robert F. Juliano, Chief
Bureau of Aviation and Ports

December 23, 1999

Endorsed by Connecticut Pilot Commission

By: _____
Donald J. Sheetz
Its: Chairman

FEB 8, 2000

4